UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE YORK, II,

    Plaintiff,

v.

FOREST VIEW PSYCHIATRIC
HOSPITAL,

    Defendant.
_____/

Case No. 1:10-cv-28

Hon. Robert J. Jonker

**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT**

Pending before the court is Defendant's Motion for a More Definite Statement (docket no. 6).

Pursuant to Rule 12(e), Federal Rules of Civil Procedure, a party may file a motion for a more definite statement before answering a complaint if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Defendant also relies on Rule 10(b) which provides that all claims shall be set forth in separate counts and paragraphs, and seeks to have plaintiff set forth "with sufficient specificity the precise facts underlying plaintiff's claims against [the] defendant, . . . including, but not limited to, the specific facts demonstrating he has a disability" under the statutes alleged, that he was denied appropriate treatment, that he was subjected to discrimination by reason of his disability, and that the hospital received federal financial assistance. Defendant also seeks to have the plaintiff identify the "specific factual and statutory authority for his claims under Title 42."

1

The burden of proof on this motion lies with the defendant to demonstrate that the complaint is too vague or ambiguous to permit a response. Defendant must identify the deficiencies in the pleading, list the details sought to be provided, and assert an inability to frame a response. *See, Philip Morris U.S.A., Inc. v. Lee,* 481 F. Supp. 2d 742, 751 (W.D. Tex. 2006). The decision whether to grant such a motion for a more definite statement lies in the court's sound discretion. *See, Woodard v. Fed Ex Freight East, Inc.,* 250 FRD 178 (M.D. Pa. 2008). The court is also mindful that where, as here, a plaintiff is proceeding *in pro per*, his allegations must be held to less stringent standards than formal pleadings drafted by lawyer. *Haines v. Kerner,* 404 U.S. 519 (1972).

Defendant, of course, is not unfamiliar with either plaintiff or his claims. Plaintiff originally sued the defendant in state court where plaintiff filed a detailed, six-page complaint essentially alleging malpractice in regard to injuries he received while an inpatient at the defendant hospital, on or about August 25, 2007. Summons and Complaint filed in the 17th Judicial Circuit Court for the County of Kent, Case No. 08-03755-CZ. Defendant was able to get the case dismissed without prejudice on a motion for summary disposition, because plaintiff had failed to follow certain procedures preliminary to filing a malpractice action in state court. Defendant acknowledges that the acts alleged in both complaints are comparable. See defendant's brief at 1-2.

Plaintiff's present complaint alleges that he is disabled with bipolar disorder and sets forth in some detail how he was injured due to medication given to him by defendant's medical staff and how they refused to provide him with the medical treatment he requested, and put him in isolation. He also alleges he was refused admission to the defendant's medical health facility subsequently. He further alleges that the reason he was denied proper medical care while a patient at the defendant hospital was because he was African-American. All of this, plaintiff asserts more

fully in his complaint, constituted violations of Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, and Chapter 21 of Title 42 of the U.S. Code.

The Rules of Federal Procedure require that the plaintiff serve only a short and plain statement showing entitlement to relief. Rule 8, F.R.Civ.Proc.; *Haines v. Kerner, supra.* In light of these liberal pleading requirements, motions for a more definite statement are disfavored in federal court and granted only sparingly. *See McQueen v. Woodstream Corp.,* 244 F. Supp. 2d 26, 34 (D. D.C. 2007); *Philip Morris U.S.A., Inc., supra* at 751. As defendant acknowledges in its own brief, the motion for a more definite statement is not a substitute for discovery, and will not be granted where the opposing party can obtain the necessary information through discovery. *Id.* Relief under this motion is particularly ill suited to situations where the information sought is already within the defendant's knowledge, and the motion merely seeks a formal particularization of known facts. *See Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.,* 235 FRD 632, 633 (E.D. La. 2006). Here, defendant has been apprised of the facts and the statutory authority relied upon by plaintiff to support his claims, as well as the relief he seeks. It is enough.

The court does not find the present complaint to be "unintelligible," that is, so hopelessly vague and ambiguous that a defendant cannot fairly be expected to frame a response or denial. *See Hill Blom v. County of Fresno,* 539 F. Supp. 2d 1192, 1202 (E.D. Cal. 2008), *McQueen, supra.* To the extent that defendant believes that the complaint fails to allege a cognizable legal theory, the appropriate remedy is a motion to dismiss under Rule 12(b)(6), not a motion for a more definite statement.

The motion for a more definite statement (docket no. 6) is **DENIED.** Defendant shall file its responsive pleading within fourteen (14) days. Rule 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated:  April 2, 2010                                             /s/ Hugh W. Brenneman, Jr.
                                                                 HUGH W. BRENNEMAN, JR.
                                                                 United States Magistrate Judge