GEORGE YORK, II,

       Plaintiff,

                                                  CASE NO. 1:10-CV-28

v.

                                                  HON. ROBERT J. JONKER

FOREST VIEW PSYCHIATRIC
HOSPITAL,

       Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

       The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 75), Plaintiff York's Objections to the Report and Recommendation (docket # 82), and Defendant Forest View Psychiatric Hospitals's ("Forest View") Objection to Report and Recommendation (docket # 80).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and the parties' objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends summary judgment in favor of Forest View to the extent Mr. York alleges violations of 42 U.S.C. § 1983.[1] (Report and Recommendation, docket # 75, at 4.) The Magistrate Judge reasons that Forest View did not act toward Mr. York under color of law, a necessary element of a § 1983 claim, and that the § 1983 claim therefore must fail. (*Id.*) Mr. York objects generally to a grant of summary judgment but does not address the particular question of whether Forest View acted under color of law. (Obj., docket # 82, 1-2.) Instead, Mr. York catalogs a series of discovery issues apparently unrelated to the state actor question.[2] (*Id.*) The Court agrees with the Magistrate Judge that the record demonstrates that Forest View did not act toward Mr. York under color of law and that, to the

---

[1]Mr. York's complaint seeks relief under 42 U.S.C., Chapter 21, without specifying which particular statute in that chapter forms the basis of the lawsuit. It appears that Mr. York brings the claim under 42 U.S.C. § 1983, which confers a private right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. (Report and Recommendation, docket #75, at 3) (citing *Burnett v. Grattan*, 468 U.S. 422, 45 n.2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996)).

[2] Mr. York also attaches as an exhibit a copy of a motion to compel and for sanctions (docket # 43) the Magistrate Judge previously denied (docket # 74). The Order explains that "[t]he parties appeared in open court on October 14, 2010, and reached an agreement on the record to resolve the discovery disputes as set forth in the motion." (*Id.*)

extent Mr. York claims violations of 42 U.S.C. § 1983, Forest View is entitled to summary judgment.

The Magistrate Judge recommends denying Forest View's motion for summary judgment as to the claims Mr. York brings under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq.*[3] As to those claims, Forest View premises its motion strictly on the theory that Mr. York cannot prove either claim without expert testimony from psychiatrists, radiologists, pharmacologists, and/or rehabilitation specialists to establish essential elements of his claims and that Mr. York has not disclosed such expert witnesses. (Mot. for Summ. J. and Br. in Support of Mot. for Summ. J., docket ## 40, 41.) The Magistrate Judge rejected Forest View's theory, citing several authorities for the proposition that "while medical testimony is an important factor in establishing plaintiff's ADA [and Rehabilitation Act] claim[s], plaintiff's failure to identify expert witnesses is not necessarily fatal to that claim." (Report and Recommendation, docket # 75, at 6.) (citing *Katz v. City Metal Co., Inc.*, 87 F.3d 26 (1st Cir. 1996); *Marinelli v. City of Erie, Pennsylvania*, 216 F.3d 354 (3d Cir. 2000); *Gallimore v. Newman Machine Co., Inc.*, 301 F. Supp. 2d 431, 444 (M.D. N.C. 2004); *United States v. City & County of Denver, Colorado*, 49 F. Supp. 2d 1233, 1240 (D. Colo. 1999)). Forest View objects, arguing that while in certain cases, no expert testimony is necessary to establish necessary elements of ADA and Rehabilitation Act claims, in Mr. York's case, the injuries and causation alleged will not be evident to lay jurors without the assistance of expert witnesses. (Obj., docket # 80, 2-4.)

---

[3] Forest View filed a second motion for summary judgment (docket # 71) now awaiting disposition by the Magistrate Judge and not currently before the Court.

The Court recognizes that the necessity of medical testimony "turns on the extent to which the alleged impairment is within the comprehension of a jury that does not possess a command of medical or otherwise scientific knowledge." *Marinelli*, 216 F.3d at 360. In Forest View's theory, Mr. York's impairment(s) simply lie beyond the comprehension of a jury lacking medical or scientific knowledge, and he cannot make his case without expert medical testimony. However, at least some of the injuries Mr. York alleges, such as a hyperflexed knee, are not necessarily so esoteric as to require expert assistance to understand. *See Katz*, 87 F.3d at 32 ("Some long-term impairments would be obvious to a lay jury (e.g., a missing arm) and it is certainly within the realm of possibility that a plaintiff himself in a disabilities case might offer a description of treatments and symptoms" that would allow a jury find he suffered a disability within the meaning of the ADA.) The Court is not persuaded that the absence of expert medical testimony is fatal to Mr. York's case. While the absence of such testimony may make it more difficult for Mr. York to succeed on the merits, and while Mr. York's case may stand or fall on other grounds not currently before the Court, the lack of medical expert witnesses alone does not dictate summary judgment for Forest View.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 75) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket # 40) is **GRANTED** to the extent Defendant seeks summary judgment as to any claims Plaintiff asserts under 42 U.S.C. § 1983 and is **DENIED** in all other respects.

Dated:    March 17, 2011          /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE