UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE YORK, II,

       Plaintiff,

v.

FOREST VIEW PSYCHIATRIC
HOSPITAL,

       Defendant.

_____/

CASE NO. 1:10-CV-28

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 85), Plaintiff York's Objections to the Report and Recommendation (docket # 86), and Defendant's Response to Plaintiff's Objections (docket # 88). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Mr. York's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends summary judgment in favor of Defendant on all of Mr. York's remaining claims. (Report and Recommendation, docket # 85.) Mr. York raises broad objections, none of which directly address the fundamental analysis of the Report and Recommendation. Mr. York objects generally that with greater access to discovery and more time, he could better substantiate his case. (Obj., docket # 86.) This objection lies well beyond the scope of the Report and Recommendation and is not properly before the Court. *See* FED. R. CIV. P. 72(2),(3) ("A party may file and serve specific written objections . . . [t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). Moreover, the discovery period, which ended December 17, 2010, has long since closed. (docket # 19.) Mr. York has had ample time to develop the record and his claims. His broad request for more discovery is unwarranted and unavailing.

Mr. York also objects that he "does have disabilities that will qualify [him] under all three acts."[1] (Obj., docket # 86, at 2.) He elaborates on the nature and extent of these alleged disabilities. (*Id.* at 2-3.) However, whether Mr. York is disabled has nothing to do with the Magistrate Judge's

---

[1] Mr. York seeks relief in this case under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132; and under "42 U.S.C., Chapter 21."

legal conclusions. Regardless of whether Mr. York is disabled, his claims cannot succeed. The Magistrate Judge correctly points out that Mr. York has provided no evidence that Defendant receives federal financial assistance, which is fatal to his claim under the Rehabilitation Act. (Report and Recommendation, docket # 85, at 2-3.) Similarly, the Magistrate Judge accurately concludes that the record demonstrates that Defendant is a private corporation, not a "public entity" as the ADA defines the term, and that Mr. York's claim against Defendant necessarily fails for this reason. (*Id.* at 4-5.) Finally, the Magistrate Judge properly notes that the Court has already dismissed Mr. York's civil rights claims to the extent they arise under 42 U.S.C. § 1983 (docket # 84) and that Mr. York has neither identified any specific civil rights statute violated nor produced any evidence of racial discrimination. (*Id.* at 6-7.) For precisely the reasons the Magistrate Judge details, Defendants are entitled to summary judgment as to Mr. York's allegation of an unspecified civil rights violation under Title 42, Chapter 21.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 85) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket # 71) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated: May 11, 2011 /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE